ELLEN DOLAN, administratrix et al., appellants,

and

ALICE LEE, executrix, respondent.

On appeal from a decree advised by Vice-Chancellor Van Fleet, whose opinion is reported in *Lee* v. *Dolan, 12 Stew. Eq. 193.*

*Mr. T. F. McCormick* and *Mr. Cortlandt Parker*, for appellants.

*Mr. Thos. N. McCarter* and *Mr. Robert H. McCarter*, for respondent.

I. *The Claim.*—A surviving partner who pays a partnership debt is entitled to contribution from the estate of his deceased partner in equity. *Comins* v. *Culver, 6 Stew. Eq. 94; Wells* v. *Hubbell, 2 Johns. Ch. 294.*

II. *The Parties.*—*A.* Such a creditor can follow assets into the hands of legatees or distributees in equity. *March* v. *Russell, 3 My. & Cr. 42; Hodges* v. *Waddington, 2 Vent. 360; Thomas* v. *Griffith, 2 Giff. 504; Stuart* v. *Kissam, 2 Barb. 493; Trip* v. *Talbird, 1 Hill's Ch. 142; Lupton* v. *Lupton, 2 Johns. Ch. 626.*

*B.* The executor or administrator of such deceased debtor is a proper party to such a suit, if he still has assets in his hands. *Gillepsie* v. *Alexander, 3 Russ. 136; Davis* v. *Frowd, 1 Myl. & K. 209; Greig* v. *Somerville, 1 Russ. & M. 338.*

A further reason for making the administratrix a party is the admitted fact that no guardian has been appointed for the infant distributee. *Wms. on Exrs. 1206.*

III. *The Amount.*—Complainant is entitled to recover one-half of the amount paid by her or her testator, including expenses.

The administratrix was notified by complainant or her testator,

Dolan *v.* Lee.

or his agents, of their liability to meet half of the Jackson claim, if established.

They never disclaimed the propriety of Lee's defence to the action, nor claimed that he ought to pay without litigation.

They simply denied the liability of any one but the surviving partner, and always sent the claimant to him. *Wheeler* v. *Arnold, 30 Mich. 304; Allen* v. *Blanchard, 9 Conn. 631; Forbes* v. *Webster, 2 Vt. 58; 2 Lindley on Partnership (Ewell's ed.) 790 note; Blythe* v. *Smith, 5 M. & G. 407; Kemp* v. *Finden, 12 M. & W. 421; Stothoff* v. *Dunham, 4 Harr. 181; Notes to Lampleigh* v. *Brathwaite, 1 Smith's Lead. Cas. *70 e; Brandt on Suretyship and Guaranty* § *247; Winkle* v. *Johnson, 19 Rep. 442.*

The surviving partner being a trustee in the management of the trust property, for the representatives of the deceased partner (*2 Lindley on Partnership (Ewell's ed.) 1044* and cases in note), he must be satisfied of the genuineness of a claim against the estate before he settles it, and if he is not satisfied, should put the party to proof of his claim.

The circumstances were clearly such as not only to make a defence justifiable, but proper.

The claim had been liquidated in the form of a judgment for $2,821. Lee was ignorant of it or the claim on which it was based. He was approached by several different parties claiming to own it, who respectively offered to settle it at $700 and at $500. He was advised by reputable counsel that he had a good defence, which was a question of some doubt even in the court of appeals, where the vote was four to three against him. *Derham* v. *Lee, 87 N. Y. 599.*

All these facts make the vice-chancellor's conclusion that his defence was, under the circumstances justifiable, eminently proper.

IV. *The Defence.—The Supposed Arbitration.—*In addition to the authorities quoted by the vice-chancellor, to the effect that an award between the parties has no legal effect upon a claim not submitted to or considered by the arbitrators, see *Mt. Des-*

*ert* v. *Tremont, 75 Me. 252; Bailey* v. *Whitney, 5 Me. 92; Evan* v. *Clapp, 123 Mass. 165.*

PER CURIAM.

This decree unanimously affirmed for the reasons given by the vice-chancellor.

---

JOSEPH UPPER, appellant,

and

ASHBEL GREEN, receiver &c., respondent.

On appeal from a decree of the chancellor, whose opinion is reported in *North River Construction Co.'s Case, 11 Stew. Eq. 433.*

*Mr. F. W. Stevens*, for appellant, cited:

*Rev. 188; Del., Lack. & West. R. R. Co.* v. *Oxford Iron Co., 6 Stew. Eq. 192; Bedford* v. *Newark Machine Co., 1 C. E. Gr. 120; Story's Eq. Jur.* § *1047; Adams's Eq. Jur.* \*54; *Receivers of New Jersey Midland Co.* v. *Wortendyke, 12 C. E. Gr. 660; Coe* v. *Midland Railway Co., 4 Stew. Eq. 105; Shinn* v. *Budd, 1 McCart. 234; Sheldon on Subrogation* § *246; Hoover* v. *Epler, 52 Pa. St. 522; Abbott* v. *Balt. & Rap. Steam Packet Co., 4 Md. Ch. 317; Cottrill's Appeal, 11 Pa. St. 294; Gans* v. *Theime, 93 N. Y. 228; Tradesmen's Building Assn.* v. *Thompson, 5 Stew. Eq. 133.*

*Hon. John P. Stockton, Attorney-General*, for respondent.

PER CURIAM.

This decree affirmed for the reasons given by the chancellor.